Lauriat, J.
The plaintiff, Kathryn M. George (“George”), brought this action for deceit and negligent misrepresentation arising out of the defendants’ alleged failure to inform her, prior to the commencement of her employment with Total Pharmaceutical Care, Inc. (“TPE”), that the execution of a Confidentiality/Non-competition Agreement (“the Agreement”) was a condition of her employment. Defendant Richard Baptista (“Baptista"), Vice President of TPE, has now moved (1) to strike the complaint against him in his official capacity as a corporate officer of TPE because it is a “meaningless redundancy,” and (2) to dismiss the claim against him individually for failure to state a claim upon which relief may be granted. For the reasons which follow, the defendant’s motion is denied.
BACKGROUND
The facts, viewed in the light most favorable to the plaintiff, are as follows:
In June of 1992, defendant Arthur St. Germain (“St. Germain”), a Vice President of Sales, Marketing, and Business Development for TPE, telephoned George and told her that he was interested in interviewing her for a position with TPE’s Deaconess Division (“Deaconess”). On June 12, 1992, George was interviewed by St. Germain. On June 22, 1992, ata second interview with St. Germain, George was offered a sales management position with Deaconess. St. Germain told George that she would be given a car allowance, telephone credit card, stock options, incentive bonus, a percentage of maintenance business, and a base salary of $52,000.
On June 26, 1992, George telephoned St. Germain and told him that she wanted a $60,000 base salary. On June 29, 1992, St. Germain called George and offered her a management position at Deaconess with a base pay of $57,000, contingent upon an interview with Baptista and with Donna Clancy (“Clancy”), TPE’s Director of Human Resources. On August 14, 1992, George was interviewed by Baptista. George then met with Clancy who explained the employment benefits to George.
On September 14, 1992, Andrea Benko (“Benko”), a Vice President of Sales, Marketing, and Business Development for TPE, offered George the position of Director of Managed Care and Special Projects for Deaconess. George accepted the position.
On September 17, 1992, George resigned from her position as Regional Sales Manager at Olsten Healthcare Services. On September 22, 1992, George-received a letter from Clancy which stated that George’s employment was contingent upon her signing the Agreement. On October 19, 1992, George met with Clancy in order to complete certain paperwork. At this time, Clancy presented George with the Agreement. George told Clancy that she would review it and get back to her.
George began employment at Deaconess on October 26, 1992. On December 10, 1992, St. Germain telephoned George to inquire why she had not signed the Agreement. George informed St. Germain that the Agreement was too restrictive. On December 14, 1992, Baptista and St. Germain informed George that she had to sign the Agreement as written or forfeit her position. George refused to sign the Agreement as written. George was terminated with TPE on December 15, 1992.
George asserts that neither Baptista, St. Germain, nor Benko informed her, during the interview process, that her employment with TPE was conditioned upon the execution of the Agreement. George contends that the defendants’ actions in this matter constitute deceit and/or negligent misrepresentation.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991) and *157 cases cited. The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
Mass.R.Civ.P. 12(f) provides that “upon motion made by a party within 20 days after the service of the pleading upon him or upon the court’s own initiative at any time, the court may after a hearing order stricken from any pleading any . . . redundant . . . matter.” Mass.R.Civ. 12(f).
I.
Baptista contends that the court should strike the complaint as against Baptista in his official capacity as a corporate officer of TPE because “it is in reality a claim against TPE and is therefore a meaningless redundancy in the complaint ...” (Defendant’s Motion, p. 1.)[1] The complaint alleges that Baptista, in his official capacity, committed the torts of deceit and negligent misrepresentation by failing to inform George of the terms and conditions of her employment with TPE. A corporate officer is not immune from liability for acts and omissions which occur while performing corporate business. Mullins v. Pine Manor College, 389 Mass. 47, 64 (1983), citing LaClair v. Silberline Mfg. Co., 379 Mass. 21, 28-29 (1979). Accordingly, the complaint against Baptista in his official capacity should not be stricken pursuant to Mass.R.Civ. 12(f).
II.
Baptista further contends that the complaint fails to state a claim against him individually. Baptista relies on Schmid v. National Bank of Greece, 622 F.Supp. 704 (D.C. Mass. 1983). In Schmid, the United States District Court for the District of Massachusetts held that “(a]n officer of a corporation does not incur personal liability for a tort committed by the corporation or another corporate officer merely by virtue of the office which he holds in the corporation.” Id. at 712, citing Refrigeration Discount Corp. v. Catino, 330 Mass. 230, 235-36 (1953). However, Schmid further held that a corporate officer is not immune from tort liability for acts in which he participated simply because he was acting as officer of a corporation when he committed the tortious acts. Schmid, supra at 713.
In the present case, the complaint alleges that Baptista personally participated in the interview process, failed to inform George of the terms and conditions of her employment during this process, and thereby committed the torts of deceit and negligent misrepresentation. A corporate officer is not immunized as “an officer and director of a corporation for the acts he is alleged to have committed personally.” Nader v. Citron, 372 Mass. 96, 102 (1977). Rather, “[a] corporate officer is liable for torts in which he personally participated whether or not he was acting in the scope of his authority.” LaClair v. Silberline Manufacturing Co., Inc., 379 Mass. 21, 29 (1979). Without commenting on the merits of George’s claim, the complaint clearly alleges that Baptista personally participated in tortious activities. Accordingly, at this juncture, Baptista is not entitled to a dismissal of the complaint against him in his individual capacity.
ORDER
For the foregoing reasons, the defendant Richard Baptista’s Motion to Dismiss or Strike is DENIED.

Baptista relies on Kentucky v. Graham, 473 U.S. 159 (1985), and Brandon v. Holt, 469 U.S. 464 (1985). Both cases address a government officer’s liability under 42 U.S.C. § 1983 and are inapposite to the present case.